This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO**
**TOWN OF TAOS,**

    Plaintiff-Appellee,

v.                                                         **NO. 32,922**

**JEFFREY NORTHRUP,**

    Defendant-Appellant.


**APPEAL FROM THE DISTRICT COURT OF TAOS COUNTY**
**John M. Paternoster, District Judge**

C. Brian James
Taos, NM

for Appellee

Justin B. Lea
Taos, NM

for Appellant


## MEMORANDUM OPINION

**GARCIA, Judge.**

{1}     Defendant appeals from the district court's judgment and sentence, convicting him for criminal trespass under the provision of the Taos Municipal Code in effect at the time of the incident here. We issued a notice of proposed summary disposition, proposing to affirm. Defendant has filed a response to our notice. We are not persuaded by Defendant's arguments, and affirm.

{2}     On appeal, Defendant (1) contends that the district court applied an improper legal definition of malicious intent, (2) complains that the district court made no findings about unlawfulness, and (3) argues that the court improperly shifted the burden onto Defendant to prove that there was no legal justification or excuse for his unauthorized entry. [DS 6] Our notice proposed to hold that the district court applied the correct legal standard for maliciousness, relying on *State v. Ruiz*, 1980-NMCA-123, ¶ 48, 94 N.M. 771, 617 P.2d 160, and analyzed Defendant's remaining contentions for sufficiency of the evidence.

{3}     In response to our notice, Defendant asserts that our notice did not address whether the district court used the appropriate legal definition of maliciousness. [MIO 3] Our notice set forth the correct legal standard for maliciousness as used in the context of criminal trespass, *see id.*, and proposed to hold that the district court applied the correct legal standard, as shown in its written decision. [RP 224]

Defendant does not persuade us that the notice omitted any analysis or that our conclusion was incorrect.

{4}      As for this Court's proposed disposition for Defendant's issues relating to the unlawfulness of Defendant's entry, Defendant responds that our analysis is circular and shifts the burden to Defendant. [MIO 1-2] We are not persuaded that we or the district court erred in our application of the law to the evidence presented. We continue to believe that the district court made a finding as to unlawfulness by convicting Defendant for criminal trespass and rejecting his argument that he was acting out of concern for the safety of the children. Put another way, we are not persuaded by Defendant's implication that it is otherwise lawful to "with malicious intent, enter[] or remain[] upon the lands of another knowing that such consent to enter or remain is denied or withdrawn by the owner or occupant thereof," without the presence of a legal cause or excuse. [DS 2 (quoting the former version of Taos Municipal Code, § 9.28.020). *See Ruiz*, 1980-NMCA-123, ¶ 44 ("[C]riminal trespass requires an unlawful entry knowing that consent to enter is denied or withdrawn. An unlawful entry is an entry not authorized by law, without excuse or justification."). We continue to rely on the statement in *Ruiz*, indicating that "the absence of cause or excuse is covered in the [former] criminal trespass statute by the word 'unlawful.'" *Id.* ¶ 47. Because there was ample evidence to establish that Defendant entered the

3

property at issue, knowing that consent to do so was withdrawn, and did so with malicious intent and no cause or excuse, we hold that sufficient evidence was presented to support his conviction for criminal trespass.

{5}    For the reasons stated in our notice and in this Opinion, we affirm the district court's judgment and sentence.

{6}    **IT IS SO ORDERED.**

_____
**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**

_____
**MICHAEL D. BUSTAMANTE, Judge**

_____
**J. MILES HANISEE, Judge**